We are now going to move to appeal 21-2860 David Schlemm v. Brendan Pizzala et al. And Ms. Zhang will begin with you for our oral argument on behalf of the appellant. Thank you, your honor. And may it please the court, Alexis Zhang for plaintiff appellant David A. Schlemm. The district court dismissed Mr. Schlemm's complaint as untimely on the theory that because he had failed to properly exhaust his administrative remedies, he could not avail himself of tolling for the time spent exhausting. And although the state relied exclusively on that theory below, it now concedes that it was wrong. Mr. Schlemm did properly exhaust and he is entitled to tolling. That recognition should compel reversal of the decision below. The operative Wisconsin tolling statute provides that when the commencement of an action is stayed by statutory prohibition, the time of the prohibition does not count towards the limitations period. How similar is the Wisconsin statute, Ms. Zhang, to the Illinois statute? It's materially identical. And we've upheld that. Is that correct? Yes. So, in Johnson, this court said that that statute allows for tolling during the exhaustion period of a section 1983 claim. And so, given that the state has conceded that Mr. Schlemm did properly exhaust and is entitled to tolling for the period he spent exhausting, then we think the court should accept that concession as a premise for its decision making rather than going into the exhaustion analysis itself. And once you start from that, then... Should we end there? Yes. So, I'm just wondering, how far do we have to go to decide this case? Should we just issue, is it your position we should just issue a two-sentence order that says the appellee has conceded your argument and waived any other statute of limitations argument? Yes. We think the court could do that and it would be a very simple resolution to this case. But we've got some conflicting non-presidential language, right? And so, there might be some this out, in particular as to the state's six-day exception that they're arguing for, right? I mean, we think that the issue is not preserved for the reasons that we've stated in our brief and that if you think the state is right on the interpretive question, it still would require a reversal. But to the extent... I probably don't, but I think they're right about that, but we'll talk about that in a moment. But at least the statute seems pretty clear to me. But it might be helpful to actually tell district judges and departments of correction and prisoners how this works. I mean, I think that this case is not a great vehicle for doing that given the factual issues that would remain even if you resolve the case in the state's favor. But to the extent that you want to talk through the merits... I'm not suggesting resolving it in favor of the state. I'm suggesting that you are correct about when the tolling started, stopped, rather. Yes. So, I think that follows from the language of the tolling statute. Exactly. The plain language. Yes. And so, I think that's why when the Wisconsin Supreme Court described that statute in the Colby case, it described it as saying that the statutory prohibition, tolling provision, means that the statute of limitations period doesn't begin to run until the end of the statutory prohibition. And so, here, that should cover the pre-filing period that the state takes issue with. The PLRA exhaustion bar precludes suit before the prisoner files his administrative grievances, just as it does while the grievance period is ongoing. That's why if Mr. Schlemm, instead of filing his grievances, had come straight to this court, the state would be here telling you that he hadn't properly exhausted and PLRA acts as a bar to his suit. And so, under Colby, under Johnson, that's a statutory prohibition. And to the extent that this court reaches the merits, it means that the court should reject the state's interpretive theory and reverse the decision below. Jane, could I ask you, can you shed any light as to why it took Mr. Schlemm so long to file his action? We have an exceptionally, had an exceptionally long statute of limitations under Wisconsin law. I think Mr. Schlemm's motion to dismiss the briefing below suggests that there is a delay in him receiving the final decision. But at the same time, I also think that the specific reasons for his delay aren't relevant for purposes of the statutory tolling analysis. The state cites a number of cases in its brief that come from the context of equitable tolling, where delay in filing suit can be a barrier to tolling. But again, the language of the Wisconsin tolling statute just asks whether there's a statutory prohibition in effect that would preclude suit. And to the extent that there are cases where delay is egregious or unwarranted, then I think latches would still act as a defense that the state could raise to preclude any problematic results. But the state hasn't raised latches here, and so there's no reason for the court to consider any of that to the extent it wants to reach the merits of this case. I'm not sure I agree that laches would be a defense independent of the statute of limit, a timely action in the statute, but okay. Yes, so under Wisconsin law though, even if a statute of limitations period has not expired, the state can still raise the issue. I did not know that. And so I think our point is just that the statutory scheme operates as a harmonious whole, that the state, at least in the period at issue here, gave prisoners and other tort litigants six years to file suit, and they should be entitled to all of that in addition to whatever period they're prohibited from filing suit given a statutory prohibition, subject to if the state wants to raise latches in other cases, it's free to do so, but it hasn't done so here. And so given all that, I think the state's absurdity arguments that it makes in its brief, the court should give that no weight. But ultimately, I think, however the court chooses to proceed, we'd urge it to reverse and remand, and I'd like to reserve the rest of my time. Thank you very much, Ms. Zhang. That will be granted. We are now going to move Ms. Schmelzer to you for oral argument on behalf of the state. Thank you, Your Honors, and may it please the court. I'm Jody Schmelzer, an Assistant Attorney General for the State of Wisconsin Department of Justice, and I represent the defendant, Appleese, in this case, who are all employees of the Wisconsin Department of Corrections. I'm going to first address whether or not Mr. Schlem's claims were timely filed, and I know with Judge Hamilton's comments, I might have a little bit of a hill to climb here. But looking at this court's case law, looking at how the Wisconsin Supreme Court interpreted its own tolling statute in the Colby case, and looking at common principles behind statute of limitations and the federal exhaustion requirement for inmates, I think the interpretation of the statute that Mr. Schlem progresses is unreasonable, and his interpretation would toll the statute of limitations at accrual of the suit. Ms. Schmelzer, let me ask you this. On January 18, 2013, that's the day after the conduct report was dismissed. It's the first of the six days you rely upon. If Mr. Schlem had filed his civil action that day, what would have been the response? The response would have been it would have likely evoked a motion for summary judgment. You have not exhausted under 1997e, correct? Correct. The statutory prohibition remained in place. Given that, and the language of the statute, I don't see how you can fault him for not how you can count that day against him or any of the next five days. The statutory prohibition that was in place was federal exhaustion. He had not initiated or completed it by that date of your Honor's hypothetical. If you look at this court's interpreting its own tolling statute in Colby, there Mr. Colby was in a car accident in March of 1990. It took almost three years for him to file a notice of claim against the Columbia County in that case. The Wisconsin Supreme Court did not toll our statute of limitations from the date of accrual, which was in 1990. What it said was you're going to get the three-year statute of limitations plus the 120 days. Had it told it from the date of accrual, like Mr. Schlem is arguing that this statute should be interpreted, there would not have been a statute of limitations issue there. So it said you get three years plus the 120 days. You get the statute of limitations plus the tolling period, which was 120 days. You don't get from the time that your injury accrued, the time that your claim accrued, which was, like I said, almost three years before he filed a notice of claim. So just looking at how the Wisconsin Supreme Court applied our tolling statute is not consistent with what Mr. Schlem is arguing here. And it also produces some absurd results. Under that interpretation, Mr. Schlem could have never filed an offender complaint or a grievance here, and the statute would still be tolled. And given that very generous statute of limitations at the time, it could be told while he's incarcerated, while he doesn't file any exhaustion or whether he does so improperly, which is another issue here, and until he's out of prison. And then he gets the benefit of an entire six-year statute of limitations at that, because he's no longer required to exhaust if he's no an unreasonable result here that is contrary to what the Wisconsin Supreme Court says is the purpose behind our statute of limitations, which is to promote fair and prompt litigation, protecting defendants from claims brought after memories have faded and evidence has been lost. Mr. Meltzer, an odd question for you. It's multi-part. Please stay with me. You may know this as a matter of Wisconsin Administrative DOC regulations. For counting, is a year in the Wisconsin DOC 360 days or 365 days? And the reason it's a multi-part question is, might that be different for purposes of DOC registrars calculating when a prisoner may be released versus DOC responding to a complaint and the applicable statute of limitations? Let me rephrase it. For purposes of counting a year under the Wisconsin DOC Administrative Regulations, if you know, is it 360 days for a year or 365 days for a year? And when you say under the department regulations, do you mean our administrative code? Correct. And the context for that would be, I think, are we counting like the days they have to file a grievance or to file an appeal? It would be just the number. And the reason I ask is if it differs, for a case that's on the margins like this, it could make a difference. It may be that the DOC says for you to file a lawsuit, a year means 365 days. But it also may mean for if you're incarcerated, a year is 360 days. That's the contrast I'm drawing. You may not know. And I don't know that, Your Honor. But I don't think it really makes a difference here because I think when we apply tolling to only the period that the inmate is engaged in the exhaustion process here, start when he files his grievance, ends when he gets the final decision. When we apply that, it's indisputable that Mr. Schlem is three days late. And that's given a generous, I think, time of accrual for him, which we, in our brief, argued at the latest was the time of the disciplinary hearing. And keeping in mind, this is a retaliation claim. You don't have to have an overturned conic report to bring a retaliation claim as long as it had an improper motive. Wouldn't you argue that there's a heck bar to such civil claims? I don't know that heck applies in this case because I don't believe there was any... A challenge to a conduct report? Right. I don't believe there was... Prison discipline? There was not any segregation time or any addition to his sentence or anything like that. So usually heck doesn't apply in those situations where there's not a challenge to the fact or duration of his confinement. It's just a conic report. He might have some consequences in the prison setting, but it actually didn't affect the fact or duration of his sentence, to my knowledge. So here we have an undisputed and probably generous time of accrual here for a retaliation claim. We have an undisputed time when he signed his first offender complaint after that, which was January 23rd. And Mr. Schlem does not dispute the time, and he concedes that he received the complaint was ultimately filed almost six years later on February 19th. We do note, and Mr. Schlem did point out that his complaint might have taken a little bit of time to get filed. He actually signed his complaint and turned it over for filing to the prison staff on February 18th. So at most, that gets him one day, but still late under the applicable statute of limitations. So again, looking at why that calculation makes sense, we do see this court's decision in Hatch where it engaged in that same calculation process. It didn't start the tolling at the date of accrual. Instead, it looked at when the inmate first engaged in the exhaustion process. It said the clock stopped on that date for the statute of limitations, and it restarted on the date that the exhaustion process was over. We see other cases from this court following that calculation process in Gomez v. Randall and Gibbons v. Lutke, and cases from other circuits like the Gonzalez case out of the Second Circuit. We also see several district courts following that calculation process. So in your Honor's questions about why shouldn't we just remand this, I think it's important to set out and to interpret this tolling statute, which is almost identical from the Johnson, Illinois tolling statute to Wisconsin's. There's only a few, I think two words that are different and in no material way different. I think it's important to set out when tolling begins for inmate exhaustion. In this case, wasn't it correct though that Mr. Schlem tried to file a grievance right after the conduct charge was filed and was told it's too early? You have to wait until after the hearing? That is correct, and that's exactly why we gave him the benefit of that and said we'll start from January 17th, the date of your hearing. Even though he could not have filed on the 18th? He could not have filed on the 18th because he hadn't exhausted. Exactly. The statutory prohibition remained in effect. That statutory prohibition was in effect. But you say the clock was running? Because it's not told until he engages in that exhaustion process. Correct. The statutory prohibition is exhaustion. If he's not engaged in it, it's not told. I see my time is up, Your Honors. I'd ask that the court affirm the district court's decision. Thank you. Thank you, Ms. Schmelzer. Ms. Zang, we'll now go back to you for rebuttal argument. Thank you, Your Honor. Just a couple of points in rebuttal. So first on the statutory argument that the state makes, I would point out that the court in Colby limited the plaintiff there to 120 days because the tolling provision at issue there had a defined period of tolling of up to 180 days. Here, the statutory prohibition provision does not have any specified times included, and I think if you look both at the provision in Colby and the other tolling provisions in the subchapter of the those kinds of conditions and has included those kinds of conditions in other provisions. For example, there's a provision on tolling for a mental illness that says indefinite but up to five years at most. And so the fact that the state has chosen not, that the legislature has chosen not to include any sorts of conditions or limitations in section 893.23 should be probative here. And the state cites a number of cases where this court or district courts in dicta have referred to the limitations period as not including the period before an inmate files his administrative grievances. But I would note again that none of those cases engage in statutory tolling analysis, and a few of those cases are cases that come in the context of equitable tolling. And so given that, I think the court should look towards more fundamental principles of statutory interpretation as well as how the Wisconsin Supreme Court in Colby characterized the limitations period as continuing until the statutory prohibition lifted. And then second, on the point of absurdity, I think I would point out that on the front end, there's a 14-day limit on when an inmate must file an administrative grievance. And so the pre-filing period at issue in this case is not going to affect very many cases. And to the extent that there is any issue on the back end, the state can invoke laches, which it hasn't done so here and hasn't disputed, could be applicable in other cases. And then finally, on the matter of equitable tolling, to the extent that the court would get into it, there are factual disputes, even if the state's position is correct, that would need to be in particular. I'd note that, as Mr. Schlemm explains in the reply brief, the record only states that he was mailed the decision that allowed him to be able to sue on January 17th. The record is silent as to when he received it, and he wouldn't have been able to file suit in this court before receiving and having knowledge of his ability to do so. And so whether on issue preservation grounds, on the merits of the state's interpretive theory, or on the factual questions that remain, if the state were correct, we'd urge this court to reverse and remand. Thank you. Thank you, Ms. Zhang. You were appointed counsel. You have the great thanks of both the court and us as the judges here to you and your firm for all the hard work. So thank you. And thank you as well, Ms. Schmelzer, for your presentation. The case will be taken in court.